UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN RAKO,<br><br>        Plaintiff,<br><br>    v.<br><br>VMWARE LLC, et al.,<br><br>        Defendants. | Case No.  25-cv-05142-SVK<br><br>**ORDER ON (1) PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT TAMMY MILLS BY ALTERNATIVE MEANS, AND (2) PLAINTIFF'S "EMERGENCY MOTION FOR JUDICIAL CLARIFICATION"**<br><br>Re: Dkt. Nos. 8, 29 |

Before the Court are two motions filed by self-represented Plaintiff Sebastian Rako: (1) Plaintiff's motion for leave to serve Defendant Tammy Mills by the alternative means of serving her employer or by emailing the summons and complaint to her professional email address (Dkt. 8), and (2) Plaintiff's "emergency motion for judicial clarification" (Dkt. 29).

Plaintiff's motion to serve Defendant Tammy Mills by alternative means (Dkt. 8) is **TERMINATED AS MOOT** in light of Plaintiff's filing of a proof of service on Ms. Mills. Dkt. 35.  Termination of the motion is without prejudice to Ms. Mills' ability to challenge the propriety of service and without prejudice to Plaintiff filing a renewed motion to serve by alternative means in the event service of Ms. Mills as reflected in the proof of service is determined to be inadequate.

Plaintiff's "emergency motion for judicial clarification" (Dkt. 29) argues that positions taken by Defendant VMware LLC in this litigation are inconsistent with positions VMware has taken in other litigation and therefore "implicate judicial estoppel, representational authority, and the orderly administration of justice across parallel federal proceedings." Dkt. 29 at 1.  Plaintiff's motion seeks an order from the Court requiring "all parties" to disclose certain information and granting such further relief as the Court deems necessary "to preserve the integrity of these proceedings and to prevent the continuation of any unauthorized representation, conflicted advocacy, or coordinated litigation misconduct, and to ensure that the record reflects authorized

corporate positions in all current and future filings by VMware LLC." *Id.* at 10-11.  Defendants VMware, Michael Brewster, Jeremy Hoke, Kaiser Aluminum Corporation, and Mike Wood oppose the "emergency motion."  Dkt. 30, 31.

Plaintiff's "emergency motion" is **DENIED** as procedurally and substantively improper because it appears to seek an advisory opinion from the Court and/or an order compelling Defendants to provide certain information without the necessary showing that such information is discoverable.  Plaintiff has had an opportunity to set forth his arguments, including whether Defendants are judicially estopped from taking certain positions in this litigation, in Plaintiff's oppositions to Defendants' pending motions to dismiss.  Dkt. 33, 34.  Going forward, Plaintiff may assert such arguments in support of or in response to other motions properly noticed in this case.  Moreover, Plaintiff will have an opportunity to seek relevant, proportional, and discoverable information from Defendants through authorized discovery procedures.  Plaintiff's "emergency" motion is not an appropriate vehicle to obtain the relief Plaintiff seeks at this stage of the litigation.

The Court informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the United States Courthouse in San Jose (Monday to Thursday 9:00 a.m.–4:00 p.m.) or by calling (408) 297-1480.  In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/pro-se-handbook/ or obtained from the Clerk's Office.

**SO ORDERED.**

Dated: August 4, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

2