UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN RAKO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VMWARE LLC, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-05142-SVK<br><br>**ORDER ON (1) PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE AND (2) PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 41, 42 |

Before the Court are two motions filed by self-represented Plaintiff Sebastian Rako: (1) Plaintiff's motion seeking an order to show cause directing the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner LLP ("Finnegan")  "to explain why it should not be sanctioned for deliberately concealing its representation of Defendant Tammy Mills" (Dkt. 41 – the "OSC Motion"), and (2) Plaintiff's motion to compel Defendants to produce personnel records (Dkt. 42 – the "Motion to Compel").  Defendants Kaiser Aluminum, Mike Wood, and Tammy Mills (collectively, the "Kaiser Defendants") filed an opposition to the OSC Motion.  Dkt. 49.  Defendant VMWare LLC ("VMWare") filed an opposition to the Motion to Compel.  Dkt. 50.

Plaintiff's motions are suitable for determination without further briefing and without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons that follow, Plaintiff's OSC Motion and Motion to Compel are **DENIED**.

### 1. The OSC Motion

In the OSC Motion, Plaintiff accuses Finnegan of concealing from Plaintiff and the Court that it represented Defendant Tammy Mills, citing various events in July 2025.  *See* Dkt. 41 at 3.  However, a proof of service filed by Plaintiff indicates that Mills was not served with the summons and complaint until July 30, 2025.  Dkt. 35.[1]   Mills' response to the complaint was not

---

[1] In this order, the Court expresses no view on whether the service on Mills as reflected in Dkt. 35 was proper.  That issue is among those raised in Mills' pending motion to dismiss.  *See* Dkt. 44.

due until 21 days after she was served, *i.e.,* on August 20, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A). Mills timely filed a motion to dismiss on that date, which is currently in briefing. Dkt. 44. Plaintiff cites no authority that would have required Finnegan to acknowledge its representation of Mills, accept or waive service on her behalf, or file an appearance on her behalf before the date her response to the complaint was due. Nor is there any authority that would justify granting Plaintiff's request for sanctions or his intrusive request for information about the circumstances of Finnegan's representation of Mills. *See* Dkt. 41 at 5-6. Accordingly, the OSC Motion is **DENIED**.

### 2.     Motion to Compel

Plaintiff's Motion to Compel is also **DENIED.** Plaintiff's motion seeks an order requiring "Defendants" to produce personnel records he says he has requested multiple times since October 2022. Dkt. 42. Plaintiff bases his motion on California Labor Code § 1198.5, which states that "[e]very current and former employee … has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee" and sets forth procedures for such an inspection. Plaintiff's complaint in this case appears to allege a violation of section 1198.5 and seeks remedies under the statute. Dkt. 1 ¶¶ 40, 72, 74, 96. To the extent the Motion to Compel seeks a Court ruling on the merits of this claim in the complaint, the motion is premature. There are three pending motions to dismiss, the pleadings are not yet set, and discovery has not commenced. Under these circumstances, the Court declines to treat the Motion to Compel as an early motion for summary judgment on the issue of whether Defendants violated section 1198.5. The Court also cautions Plaintiff that unless otherwise permitted by the Court, he may file only one Motion for Summary Judgment, Partial Summary Judgment, or Summary Adjudication. *See* Judge van Keulen's Civil and Discovery Referral Matters Standing Order ¶ 6(c).

To the extent the Motion to Compel seeks the production of personnel records through discovery in this case, the motion is similarly premature. Plaintiff's Motion to Compel does not identify any discovery requests he has served in this action that would require production of the

---

The Court also notes that before Plaintiff filed the proof of service at Dkt. 35, he had filed a motion for leave to serve Mills by alternative means. Dkt. 8. The Court terminated that motion as moot once the proof of service at Dkt. 35 was filed. *See* Dkt. 36.

personnel records he seeks.  Indeed, according to Defendants, the Parties have not yet made their initial disclosures and discovery has not commenced.  *See* Dkt. 50; *see also* Fed. R. Civ. P. 26(d), (f).  The Court cautions Plaintiff that if and when a dispute arises during discovery in this case, the Parties must comply with the discovery dispute procedures in the undersigned's standing order.

The Court again informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases.  The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the United States Courthouse in San Jose (Monday to Thursday 9:00 a.m.–4:00 p.m.) or by calling (408) 297-1480.  In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/pro-se-handbook/ or obtained from the Clerk's Office.

**SO ORDERED.**

Dated: August 26, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge