UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| SEBASTIAN RAKO,<br><br>Plaintiff,<br><br>v.<br><br>VMWARE LLC, et al.,<br><br>Defendants. | Case No.  25-cv-05142-SVK<br><br>**ORDER ON DEFENDANTS' MOTION TO SEAL PORTIONS OF FIRST AMENDED COMPLAINT AND RELATED MOTIONS**<br><br>Re: Dkt. Nos. 68, 76, 82, 83 |

On November 25, 2025, the Court granted with leave to amend Defendants' motion to dismiss the original Complaint.  Dkt. 66.  Plaintiff Sebastian Rako thereafter timely filed a First Amended Complaint.  Dkt. 67 ("FAC").[1]  Now before the Court is the joint administrative motion of Defendants VMware LLC ("VMware") and Kaiser Aluminum Corporation ("Kaiser") to seal certain portions of and attachments to the FAC (Dkt. 68 - "Motion to Seal"), which Plaintiff opposes (Dkt. 74).  The Motion to Seal has spawned several other motions:  Defendants' joint motion for leave to file a reply in support of the Motion to Seal (Dkt. 76 – "Motion to File Reply"), which Plaintiff opposes (Dkt. 79); Plaintiff's motion to strike Defendants' Motion to Seal and Motion to File Reply (Dkt. 83); and a motion by Plaintiff that is styled as a motion to compel Defendants to produce email, data, and metadata concerning an email cited in connection with Defendants' Motion to File Reply (Dkt. 82).  The Court finds that all of these motions are suitable for determination without further briefing and without a hearing.  *See* Civ. L.R. 7-1(b).

////

---

[1] Defendants' motions to dismiss the FAC are pending and will be addressed in a future order.

## I.    DEFENDANTS' MOTION TO SEAL

In the Motion to Seal, Defendants contend that Plaintiff, a former sales employee of VMware who was involved in various activities in connection with a license from VMware to its customer Kaiser, includes allegations, exhibits, and appendices in the FAC that are or include confidential business records of VMware and/or Kaiser.  Dkt. 68.[2]

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy.  *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies.  *Id.*; *see also Kamakana*, 447 F.3d at 1179.  Civil Local Rule 79-5 sets forth this District's procedures for motions to seal.

Here, the "compelling reasons" standard applies because the information Defendants seek to seal was submitted to the Court in connection with the FAC, rather than a filing that is not related or only tangentially related to the merits of the case.  *See In re NVIDIA Corp. Derivative Litig.*, No. 06–cv–06110–SBA, 2008 WL 1859067, at *3 (N.D.Cal. Apr. 23, 2008) (applying "compelling reasons" standard to request to seal complaint).  Defendants acknowledge and

---

[2] The Court previously ordered the Clerk of Court to lock the FAC on ECF pending a ruling on the Motion to Seal.  Dkt. 70.

United States District Court
Northern District of California

address the compelling reasons standard.  Dkt. 68 at 4-6.  The information Defendants seek to seal includes information about VMware's products, revenue, and data analyses, as well as information about Kaiser's servers, data usage, product needs, and license payments.  *See* Dkt. 68, 68-1, 69.  It appears that Plaintiff had access to this information by virtue of his employment with VMware.  Declarations submitted by VMware employee Michael Brewster and Kaiser employee Tammy Mills establish that certain of the information sought to be sealed is normally kept confidential by Defendants and that revealing such information publicly poses a risk of competitive harm to Defendants.  Dkt. 68-1 (Brewster Decl.); Dkt. 69 (Mills Decl.).

Plaintiff disputes that Defendants have shown compelling reasons to seal the relevant portions of and attachments to the FAC, arguing that Defendants rely on "hypothesis and conjecture."  Dkt. 74 at 4, 6-11, 19-20.  Plaintiff also argues that some of the information sought to be sealed has been public for months because it was contained in the original Complaint, Plaintiff's opposition to the motion to dismiss the original Complaint, the Court's November 25, 2025 order on the motion to dismiss, and/or elsewhere in the FAC, and yet Defendants waited months before raising the sealing issue.  *Id.* at 4-5.  Plaintiff further argues that Defendants' motion improperly cites Federal Rule of Civil Procedure 12 and fails to comply with the procedural requirements of Civil Local Rule 79-5.  *Id.* at 1, 3.

The Court begins by addressing whether the Motion to Seal is procedurally proper.  Plaintiff is right that Defendants incorrectly cite Federal Rule of Civil Procedure 12 in their notice of the Motion to Seal.  *See* Dkt. 68 at 1.  Nevertheless, the instant Motion to Seal arose in the unusual situation where Defendants seek to seal their own information contained in documents filed by Plaintiff but for which Plaintiff had not filed an administrative motion under Civil Local Rule 79-5(f)(3) to consider whether Defendants' information should be sealed.  Despite the incorrect reference to Rule 12, the Motion to Seal also contains several references to Civil Local Rule 79-5, which is the relevant rule regarding sealing motions.  *See id.* at 2, 7.  Moreover, the Court's Order to Plaintiff to Respond to the Motion to Seal was clear that the Court would treat

United States District Court
Northern District of California

the Motion to Seal as having been filed under Civil Local Rule 79-5(f)(3).  Dkt. 70.  In addition, and importantly, Plaintiff's opposition to the Motion to Seal recognizes the applicability of Civil Local Rule 79-5 and addresses the relevant issues.  *See* Dkt. 74 at 1, 3-11.

The Court notes that Plaintiff also ran afoul of procedural requirements by filing an overly-long opposition to the Motion to Seal without prior leave of court.  The Court's Order to Respond stated that pursuant to Civil Local Rule 79-5(f)(4), Plaintiff's response to the Motion to Seal could not exceed five pages absent prior leave of court.  Dkt. 70.  Plaintiff nevertheless filed a 21-page opposition brief (not including dozens of pages of appendices and exhibits).  Dkt. 74.

As cautioned in section III below, in the future the Court expects and will require more careful compliance by both sides with applicable rules and orders.  However, for the reasons stated and in light of the somewhat convoluted circumstances in which the present sealing dispute arose, the Court will consider both Defendants' Motion to Seal and Plaintiff's opposition to that motion on the merits.  Having considered the briefing, the supporting declarations, the pleadings on file, and the applicable law, the Court finds that Defendants have demonstrated compelling reasons to seal only certain information contained in and attached to the FAC and that Defendants' proposed sealing and redactions are narrowly tailored to protect such information.  The sealable information includes detailed information about Kaiser's payments under its license from VMware, the technical configuration of Kaiser's data centers, and VMware's business strategies.  Information such as "pricing terms, royalty rates, and guaranteed minimum payment terms" as well as "business practices, such as product rates and purchase requirements" meet the compelling reasons standard for sealing, particularly when that information is associated with identified customers. *See In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008); *Microsoft Corp. v. Hon Hai Precision Indus. Co., Ltd.,* No. 19-cv-01279-LHK, 2020 WL 8991707, at * 3 (N.D. Cal. Feb. 21, 2020); *Nicolisi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018).

United States District Court
Northern District of California

With respect to other information, Plaintiff has shown that sealing would be inappropriate because the information has been available in the public record in this case for several months without any previous efforts by Defendants to seal the information.

Accordingly, Defendants' Motion to Seal is **GRANTED IN PART AND DENIED IN PART** as follows:

| Document | Text Sought to be Sealed | Party Seeking Sealing | Ruling |
|---|---|---|---|
| First Amended Complaint (FAC) | Page 12:5-10 (*i.e.,* FAC ¶ 44) | VMware as to lines 5-10 (*see* Brewster Decl. ¶ 8); Kaiser as to lines 6-10 (*see* Mills Decl. ¶ 4) | **DENIED.** Information in first and second sentences of FAC ¶ 44:  Defendants' claim of compelling reasons to seal this information is contradicted by their failure to timely seek to seal the same or similar information in original Complaint (see Dkt. 1 ¶¶ 25, 36). Remaining portions of FAC ¶¶ 44:  contain argument by Plaintiff, not confidential information of Defendants. |
| FAC | ¶ 45; line 1 | Kaiser (*see* Mills Decl. ¶ 4) | **DENIED.** Defendants' claim of compelling reasons to seal this information is contradicted by their failure to timely seek to seal the same or similar information in original Complaint (see Dkt. 1 ¶¶ 24, 27), Plaintiff's opposition to Kaiser's motion to dismiss (Dkt. 34 at 5:7-2), and the Court's |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | order on motion to dismiss (Dkt. 66 at 8:3-7). |
| FAC | 15:14-17 (*i.e.,* FAC ¶ 57) | VMware (*see* Brewster Decl. ¶ 8) | **GRANTED**.<br><br>Narrowly tailored to protect confidential and competitively sensitive information. |
| FAC | 25:4-15 (portion of FAC ¶ 99) | VMware (*see* Brewster Decl. ¶ 8) | **GRANTED.**<br><br>Narrowly tailored to protect confidential and competitively sensitive information. |
| FAC | 25:17-19 (*i.e.,* FAC ¶ 100) | VMware (*see* Brewster Decl. ¶ 8) | **GRANTED.**<br><br>Narrowly tailored to protect confidential and competitively sensitive information. |
| FAC | 25:20-24 (*i.e.,* FAC ¶ 101) | VMware (*see* Brewster Decl. ¶ 8); Kaiser (*see* Mills Decl. ¶ 4) | **GRANTED.**<br><br>Narrowly tailored to protect confidential and competitively sensitive information. |
| FAC | 42:19-24 (*i.e.,* FAC ¶ 179(c)) | VMware (*see* Brewster Decl. ¶ 8); Kaiser (*see* Mills Decl. ¶ 4) | **DENIED.**<br><br>Defendants' claim of compelling reasons to seal this information is contradicted by their failure to timely seek to seal the same or similar information in original Complaint (see Dkt. 1 ¶¶ 35, 37, 52(c), 60(c)) and elsewhere in the FAC (see Dkt. 67 ¶¶ 74-76). |
| Appendix B – Kaiser Data Center Diagram | Seal in its entirety | VMware (*see* Brewster Decl. ¶ 8) | **GRANTED.**<br><br>Narrowly tailored to protect confidential and competitively sensitive |

6

| | | | information. |
|---|---|---|---|
| Appendix C – Master Timeline & Tables of Events | Section 1 | VMware (*see* Brewster Decl. ¶ 8*)* | **GRANTED.** Narrowly tailored to protect confidential and competitively sensitive information. |
| Exhibit A – Kaiser renewal email thread | Page 4 | VMware (*see* Brewster Decl. ¶ 8) | **GRANTED.** Narrowly tailored to protect confidential and competitively sensitive information. Although exhibit was attached to the original Complaint, the chart sought to be sealed was illegible. |
| Exhibit D – ROBO purchase dates and license tables | Seal in its entirety | VMware (*see* Brewster Decl. ¶ 8) | **GRANTED.** Narrowly tailored to protect confidential and competitively sensitive information. |
| Exhibit M – Audit Map | Seal in its entirety | VMware (*see* Brewster Decl. ¶ 8); Kaiser (*see* Mills Decl. ¶ 5) | **GRANTED.** Narrowly tailored to protect confidential and competitively sensitive information. |
| Exhibit O – Operating System Map | Seal in its entirety | VMware (*see* Brewster Decl. ¶ 8); Kaiser (*see* Mills Decl. ¶ 5) | **GRANTED.** Narrowly tailored to protect confidential and competitively sensitive information. |

Plaintiff has noted in the briefing related to the Motion to Seal that he is a pro se litigant who lacks Defendants' resources. *See, e.g.,* Dkt. 74 at 3. Accordingly, the Court will assign to Defendants the responsibility for preparing a redacted version of the FAC and its attachments. **Within 7 days of the date of this Order**, Defendants shall file redacted version of the FAC and

United States District Court
Northern District of California

its attachments that conforms to this Order on the public docket.  The unredacted version of the FAC and attachments at Dkt. 67 shall remain under seal.

## II.    OTHER MOTIONS

Because the Court has ruled on Defendants' Motion to Seal, Defendants' Motion to File Reply at Dkt. 72 is **DENIED AS MOOT.**

In ruling on the Motion to Seal, the Court has considered the arguments made in Plaintiff's motion to strike at Dkt. 83 and finds that they do not merit striking the Motion to Seal or the Motion to File Reply.  Accordingly, the motion to strike at Dkt. 83 is **DENIED**.

Plaintiff's motion to compel at Dkt. 82 appears to concern a discovery dispute that has arisen during the briefing on Defendants' Motion to File Reply.  As discussed above, after Plaintiff filed an opposition to the Motion to Seal, Defendants filed the Motion to File Reply, to which they attached their proposed reply brief.  Dkt. 76, 76-2.  Referred to and attached to the proposed reply brief was a January 9, 2026 email from VMware's counsel, Eric Amdursky, to Plaintiff in which Mr. Amdursky raised the issue of sealing portions of the FAC.  Ex. A to Dkt. 76-2.  In Plaintiff's opposition to Defendants' Motion to File Reply, he stated that he had never received the January 9 email.  Dkt. 79.  Mr. Amdursky thereafter filed a declaration in support of the Motion to Seal that stated that he had investigated the issue and learned that the January 9 email was not delivered to Plaintiff, apparently due to size limitations for receiving attachments on his email account.  Dkt. 80.  Another addressee on the January email, Erik Puknys (counsel for Defendant Kaiser), filed a declaration stating that he had received it.  Dkt. 81.  Plaintiff's motion to compel at Dkt. 82 argues that Defendants' explanation as to why he did not receive the January 9 email is "facially implausible."  Dkt. 82.  Plaintiff's motion to compel seeks production of various materials from defense counsel on this issue.  *Id*.

Under the undersigned's Civil and Discovery Referral Matters Standing Order, the parties must engage in a robust, good faith meet and confer on any discovery disputes and present any remaining disputes to the Court in a joint statement that complies with the requirements of the Standing Order.  Accordingly, the Court **TERMINATES** the motion to compel at Dkt. 82 for

failure to comply with the Standing Order, without prejudice to Plaintiff's ability to raise the discovery dispute with the Court in a manner and format that complies with the Standing Order.

## III.    DIRECTIONS AND ADMONITIONS TO THE PARTIES REGARDING FUTURE PROCEEDINGS

Despite being at a relatively early stage, this litigation has already produced more than its fair share of contentious disputes that do nothing to move the case forward on its merits. As discussed above, neither Defendants' Motion to Seal nor Plaintiff's opposition thereto fully complied with the applicable rules. The Motion to Seal spawned several other motions, including a motion for additional briefing by Defendants, a motion to strike by Plaintiff, and a discovery-related motion that did not comply with the Court's Standing Order. In short, one motion to seal a limited amount of information in the FAC resulted in a total of four motions with hundreds of pages of briefing and exhibits. This is not a good use of the limited time and resources of the Parties or the Court. In the future, the Court expects and will enforce compliance by all Parties with applicable rules and procedures.   The Court will not hesitate to strike non-conforming pleadings.

Another issue that has multiplied proceedings in this case relates to the Parties' use (actual or alleged) of Artificial Intelligence (AI). In an order dated November 25, 2025, the Court ordered that the Parties are not to file or otherwise present to the Court any briefs, pleadings, materials, other documents, or argument which contain AI-hallucinated citations to law, case or legal citations which are fictitious or non-existent, or any asserts of law or fact that cannot be corroborated. Dkt. 66. The Court further ordered Plaintiff to comply with certain additional requirements in light of his previous citations to non-existent cases in this litigation. *Id.* More recently, the Court has revised its Civil and Discovery Referral Matters Standing Order to impose additional requirements with respect to the use of AI in all cases.

Unfortunately, despite the Court's efforts to head off problems stemming from the use of AI, the Parties have now engaged in repeated and extensive disputes over whether and how their opponents have used AI in connection with Court filings. *See, e.g.*, Dkt. 58 (VMware's response to Plaintiff's notice of errata in connection with oppositions to motions to dismiss, asserting that

United States District Court
Northern District of California

cases cited by Plaintiff "were likely hallucinated by AI"); Dkt. 74 at 11-18  (argument in Plaintiff's opposition to Motion to Seal that Defendants' motion is "AI-generated"); Dkt. 76-1 (Defendants' proposed reply brief addressing these accusations).  In other words, the Parties are now weaponizing accusations regarding the use of AI.  To avoid future disputes and to allow the Court and the Parties to devote their time and resources to the merits of the litigation, the Court imposes the following additional requirement in this case:

**ALL DISPUTES OVER WHETHER A PARTY HAS PROPERLY USED AI IN THIS CASE ARE SUBJECT TO THE MEET AND CONFER AND JOINT STATEMENT REQUIREMENTS THAT APPLY TO DISCOVERY DISPUTES UNDER THE UNDERSIGNED'S CIVIL AND DISCOVERY REFERAL MATTERS STANDING ORDER.  DISPUTES THAT CANNOT BE RESOLVED THROUGH A ROBUST, GOOD FAITH MEET AND CONFER MUST BE PRESENTED IN THE FORM OF A JOINT STATEMENT, NOT TO EXCEED 5 PAGES, AND A NON-ARGUMENTATIVE CHART SETTING FORTH EACH PARTY'S POSITION.**

The existing requirements in the Court's order at Dkt. 66, as well as the AI provisions in the Court's Standing Order, also remain in place.

**SO ORDERED.**

Dated: February 4, 2026

SUSAN VAN KEULEN
United States Magistrate Judge