United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEBASTIAN RAKO,

          Plaintiff,

      v.

VMWARE LLC, et al.,

          Defendants.

Case No.  25-cv-05142-SVK

**ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Re: Dkt. No. 101

On November 25, 2025, the Court granted-in-part and denied-in-part (without prejudice) Defendants' motions to dismiss the original complaint in this case and granted Plaintiff Sebastian Rako leave to amend certain causes of action.  Dkt. 66.  Plaintiff thereafter filed a First Amended Complaint.  Dkt. 67 – the "FAC".  On May 12, 2026, the Court granted Defendants' motions to dismiss the FAC without leave to amend (Dkt. 99 – the "Order") and entered judgment in favor of Defendants and against Plaintiff (Dkt. 100).  Plaintiff now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  Dkt. 101.  All Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 4, 11, 14, 46.  Having reviewed the briefing on Plaintiff's motion, the Court finds the motion suitable for determination without a hearing.  Civ. L.R. 7-1(b). For the following reasons, Plaintiff's motion is **DENIED**.

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (per curiam)  (emphasis omitted)).  "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Wood*, 759 F.3d at

United States District Court
Northern District of California

1121 (internal quotation marks and citation omitted).  A motion to alter or amend the judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Plaintiff has not offered any newly discovered evidence, and there has not been a change in the controlling law.  Instead, Plaintiff's motion is premised on the theory that the Court committed clear error in dismissing the first cause of action in the FAC for retaliation under the False Claims Act.  *See* Dkt. 101 at 1.  Although courts "have generally not defined what constitutes clear error under Rule 59(e), case law indicates that clear error should conform to a very exacting standard." *SEC v. Pattison,* 2011 U.S. Dist. LEXIS 61922, 2011 WL 2293195 (N.D. Cal. June 9, 2011) (internal quotation marks and citation omitted).  An error "must be one on which the final judgment was predicated" and "must be one that would alter the outcome of the case." *Id.*  "A district court does not commit clear error warranting reconsideration when the question before it is a debatable one." *Conklin v. Hill*, No. 16-CV-02860-JSW, 2019 WL 10982835, at *1 (N.D. Cal. Jan. 16, 2019) (citing *McDowell*, 197 F.3d at 1256).

Plaintiff appears to challenge four aspects of the Order.  First, Plaintiff argues that the Court erred because "Footnote 1 of the Order disposes of *MDY Industries v. Blizzard Entertainment* on the ground that the FAC does not plead copyright infringement as a cause of action" but "[a] district court within the Ninth Circuit cannot render binding circuit precedent inapplicable by way of a relevance ruling tied to a plaintiff's pleading structure."  Dkt. 101 at 2.  Footnote 1 of the Order does not specifically refer to *MDY Industries.  See* Dkt. 99 at 8 n.1.  In opposition to Defendants' motion to dismiss the FAC, Plaintiff cited *MDY Industries* for the proposition that if a licensee acts outside the scope of a license, the licensor may sue for copyright infringement.  *See, e.g.,* Dkt. 77 at 2, 5.  As explained in the Order, whether VMware could have sued Kaiser for copyright infringement was not relevant to the issue then before the Court, which was whether the FAC stated a claim, because the FAC did not contain a claim for copyright infringement.  Dkt. 99 at 8 n.1.  The Court also considered and rejected Plaintiff's argument that VMware's failure to sue Kaiser for copyright infringement was somehow improper.  *Id.* at 3-4.

2

The Court concluded that Plaintiff "fails to link Kaiser's alleged non-compliance with the terms of its license from VMware with the type of cybersecurity non-compliance that he alleges was the subject of increased government scrutiny." Dkt. 99 at 9; *see also id.* at 8-10. As explained in the Order, "the link between Kaiser's alleged 'licensing fraud' towards VMware and any claim that Plaintiff speculates Kaiser may have submitted to the government is simply too attenuated for a reasonable employee to believe that VMware was possibly involved in committing fraud on the government." *Id.* at 10. Plaintiff's arguments regarding *MDY Industries* do not cure his fatal failure to plead facts setting forth a plausible claim under the False Claims Act and do not demonstrate that the Court committed clear error.

Second, Plaintiff contends that the Order misapplied *Mooney v. Fife* and incorrectly "applie[d] a standard requiring Plaintiff to plead that VMware itself directly committed fraud and to identify specific false certifications presented to the government." Dkt. 1 at 3. Third, and relatedly, Plaintiff argues that the Order "treat[ed] the FCA inquiry as if it required VMware to be the direct presenter of false claims." *See id.* at 4 (citing 31 U.S.C. § 3729(a)(1)(A) as "impos[ing] liability on any person who knowingly presents, or causes to be presented, a false or fraudulent claim to the government"). These arguments do not cite to any specific language in the Order and misstate its contents. The Order correctly stated the test that applies in the Ninth Circuit: "an employee engages in protected activity where (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government." Dkt. 99 at 5 (quoting *Mooney,* 118 F.4th 1081, 1091 (9th Cir. 2024)). The Order acknowledged, as Plaintiff now points out (Dkt. 101 at 3), that *Mooney* states that this standard "does not set a high bar." Dkt. 99 at 6. Nevertheless, the Order analyzed the allegations of the FAC and concluded that they do not satisfy this test. *See* Dkt. 99 at 5-11. Contrary to the arguments Plaintiff now makes, the Court considered whether the FAC contained facts that plausibly alleged "that Plaintiff had a good faith and reasonable belief that his employer, VMware, *was involved in* a false claim made to the government." *Id.* at 6-7 (emphasis added). Although the Court noted that the FCA appears to require that the employer itself was committing fraud against the government, the Order also contained an extensive analysis

United States District Court
Northern District of California

of whether the FAC would survive "if a claim under the FCA's anti-retaliation provision is available to an employee who suspects that *his employer's customer was making false claims to the government*" and concluded that it would still fall short. *Id.* at 7-11 (emphasis added). The Court explained that "the question for the Court is not whether Plaintiff has sufficiently pleaded that Kaiser in fact made a false claim, but whether the FAC sets forth sufficient facts showing that Plaintiff in good faith believed that Kaiser was possibly committing fraud against the government (and that his employer, VMware, was involved) and that a reasonable employee in the same or similar circumstances would share that belief." *Id.* at 10 (citing *Mooney*, 118 F.4th at 1091-92). The Court's conclusions set forth that "[t]he allegations of the FAC do not state a plausible claim that Plaintiff suspected that Kaiser was making false claims to the federal government, nor do they show any suspected involvement by VMware in such activity." *Id.* at 9. Accordingly, Plaintiff is wrong when he now argues that the Court required him to show that VMware directly presented a false claim to the government. The Court did not require Plaintiff to plead facts that VMware or even Kaiser had actually presented a false claim; consistent with the applicable legal standard, the Court required Plaintiff only to plead facts showing that he reasonably and in good faith believed "that Kaiser was possibly committing fraud against the government (and that his employer, VMware, was involved)." *Id.* at 10. For the reasons discussed at length in the Order, Plaintiff failed to do so.

Fourth, Plaintiff appears to take issue with the fact that the Court decided Defendants' motions to dismiss the FAC under Rule 12(b)(6) rather than converting the motions to summary judgment motions under Rule 56. Dkt. 101 at 5. Plaintiff has not demonstrated that the Court committed any error in this regard. Defendants brought their motions to dismiss the FAC under Rule 12(b)(6). Dkt. 71 at 1; Dkt. 72 at PDF p. 5. In ruling on Rule 12(b)(6) motions, courts normally may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). However, "[i]f, on a motion under Rule 12(b)(6) [], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be

given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, none of the Parties presented extrinsic evidence in connection with their briefing on Defendants' motions to dismiss the FAC.[1] *See* Dkt. 71, 72, 78, 79, 84, 85. Accordingly, the Court was not required to convert the motions to motions for summary judgment.

Plaintiff's arguments in his motion to alter or amend the judgment largely amount to disagreements with the Court's Order and do not provide a legal basis for altering or amending the judgment under Rule 59(e). None of the issues raised by Plaintiff constitute clear error. For these reasons, Plaintiff's motion to alter or amend the judgment is **DENIED**.

**SO ORDERED.**

Dated: July 13, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] Plaintiff's motion to alter or amend refers to "sworn impeachment evidence" he submitted. Dkt. 101 at 5. In Plaintiff's opening brief on the motion to alter or amend the judgment, he asserts that "[t]he Order states that the Court considered Plaintiff's sworn impeachment evidence" but the Order "does not engage with the impeachment record", "does not convert the motions to summary judgment under Rule 12(d)", and "does not explicitly disregard the evidence as outside the 12(b)(6) record." Dkt. 101 at 5. Plaintiff's reply brief in support of the present motion states that "[t]he Order did not consider Plaintiff's sworn impeachment evidence." Dkt. 104 at 5. From Plaintiff's description of the evidence as "sworn" evidence, it appears he is referring to declarations Plaintiff submitted in connection with his reply brief in support a "motion for judicial estoppel." *See* Dkt. 96. That was a different motion raising a very different issue than Defendants' motion to dismiss the FAC, and the Court addressed Plaintiff's motion for judicial estoppel separately from the motion to dismiss. *See* Dkt. 99 at 3-4. Accordingly, the Court did not err by not converting Defendants' motions to dismiss the FAC to summary judgment motions or by not addressing the declarations submitted by Plaintiff in connection with a different motion.